22-1421-cr
*United States v. Robbins*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of December, two thousand twenty-three.**

**PRESENT:**

**GERARD E. LYNCH,**
**MICHAEL H. PARK,**
*Circuit Judges,*
**OMAR A. WILLIAMS,**
*District Judge.*\*

_____

**United States of America,**

*Appellee,*

**v.**                                                                      **22-1421**

**Wayne Robbins,**

*Defendant-Appellant.*

_____

**FOR APPELLEE:**                    Mᴏɴɪᴄᴀ J. Rɪᴄʜᴀʀᴅs, Assistant United States Attorney, *for* Trini E. Ross, United States Attorney for the Western District of New York, Buffalo, NY.

---

\* Judge Omar A. Williams, of the United States District Court for the District of Connecticut, sitting by designation.

**FOR DEFENDANT-APPELLANT:**	PAUL G. DELL, Law Office of Paul G. Dell, Buffalo, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Sinatra, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Wayne Robbins pleaded guilty to one count of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). In the plea agreement, the parties agreed that the Guidelines sentencing range would be 30 to 37 months' imprisonment based on an offense level of 17 and a criminal history category ("CHC") of III. At sentencing, the district court instead adopted a CHC of II, with an associated Guidelines range of 27 to 33 months' imprisonment, as recommended by the Presentence Report. Both parties accepted the court's calculation. The district court then imposed an above-Guidelines sentence of 42 months' imprisonment. Robbins now challenges his sentence as procedurally and substantively unreasonable. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

Robbins argues that his 42-month sentence—a 9-month upward variance from the top of the 27 to 33 months Guidelines range—was procedurally and substantively unreasonable. We review sentencing challenges based on unpreserved procedural errors using a "rigorous plain error analysis." *United States v. Villafuerte*, 502 F.3d 204, 208 (2d Cir. 2007). And we review challenges for substantive reasonableness under a "deferential abuse-of-discretion standard."

2

*United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (*en banc*) (internal quotation marks and citation omitted).

First, Robbins argues that his sentence was procedurally unreasonable because the district court should have "put the parties on notice" and "articulate[d] a departure based on inadequacy of criminal history pursuant to Guidelines § 4A1.3." Appellant's Br. at 7-8. We disagree.

The Federal Rules of Criminal Procedure require the district court to give the parties reasonable notice of its intent to impose a departure, Fed. R. Crim. P. 32(h), but there is no such rule for a variance. *See United States v. Davis*, 82 F.4th 190, 198 (2d Cir. 2023). "[A] variance is a modification of the applicable Guidelines sentence" that a district court imposes based upon its consideration of the 18 U.S.C. § 3553(a) factors. *United States v. Stewart*, 590 F.3d 93, 137 n.32 (2d Cir. 2009). A departure, on the other hand, is a non-Guidelines sentence that a district court imposes in accordance with a policy statement outlined in the Guidelines themselves. *Id.* Here, the district court imposed an above-Guidelines sentence after considering the § 3553(a) factors, thus imposing an upward variance.[2] Accordingly, there was no clear procedural error here.[3]

Second, Robbins argues that the district court's variance from the Guidelines range "was excessive" and thus substantively unreasonable. Appellant's Br. at 7. But this is not one of

---

[2] It is within the district court's discretion to consider facts that could hypothetically support a departure and instead choose to impose an upward variance. *Cf. United States v. Selioutsky*, 409 F.3d 114, 118 (2d Cir. 2005); *United States v. Crosby*, 397 F.3d 103, 113 (2d Cir. 2005), *abrogated on other grounds by United States v. Fagans*, 406 F.3d 138 (2d Cir. 2005).

[3] In any event, the above-Guidelines sentence did not come as a total surprise to Robbins. The Presentence Report noted that an upward departure may be warranted because of Robbins's criminal history, the district court was not bound by the Guidelines, and the maximum possible sentence was 10 years' imprisonment.

3

those "exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189 (internal quotation marks and citation omitted).

The district court adequately explained its reasons for imposing an upward variance. Specifically, the district court noted Robbins's "history of violent, aggressive, and threatening conduct towards others." App'x at 87. It explained that "the presentence report details 11 separate instances of conduct where you are at least alleged to have threatened or inflicted physical harm on another person or possessed or threatened the use of a weapon. . . . As a result, your criminal history calculation under the guidelines[] does not paint a full picture of your anti-social, criminal conduct." *Id.* at 87-88. The district court thus explicitly considered the § 3553(a) factors, including deterring future criminal conduct, § 3553(a)(2)(B), and protecting the public, § 3553(a)(2)(C). *See* App'x at 88 ("A significant term of imprisonment is necessary to interrupt this pattern of violent behavior and to deter you from engaging in such conduct in the future, and to protect the public from your conduct."). The sentence was substantively reasonable.

We have considered all of Appellant's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court